Michael STRAND, Appellant,

v.

## CHESTER POLICE DEPARTMENT.

Commonwealth Court of Pennsylvania.

Submitted Jan. 31, 1994.

Decided Jan. 7, 1997.

---

Clinton L. Johnson, Chester, for appellant.

Joseph J. Mittleman, Assistant District Attorney, Media, for appellee.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Michael Strand appeals from an order of the Court of Common Pleas of Delaware County which denied his petition for the return of one 1991 Chevrolet Camaro automobile (the Vehicle),[1] and granted the Commonwealth's petition for forfeiture and condemnation of the Vehicle pursuant to Sections 6801–6802 of the Judicial Code (hereinafter the Forfeiture Act).[2]

The relevant facts are as follows. On November 15, 1992, Officers Greenhalgh and Watley of the Chester City Police Department (CCPD) responded to a report of a large and disorderly group of people situated in the area of the 600 block of Edwards Street in the City of Chester. Upon arrival at the scene, Officer Watley observed two men, identified as Clarence Womack and Reginald Richardson, exchanging money at the

1. The automobile's Vehicle Identification Number is 161FP33F8ML113182.

2. 42 Pa.C.S. §§ 6801–6802. The present appeal involves the forfeiture of property arising from the alleged violation of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101 to 780–144. Although the Commonwealth's right to confiscate property stems from criminal activity, the forfeiture proceeding itself is essentially a civil action, in the nature of an *in rem* proceeding. As such, this Court has jurisdiction under Section 762 of the Judicial Code, 42 Pa.C.S. § 762. *In re One 1988 Toyota Corolla (Blue Two–Door Sedan) Pa. License TPV 291*, 675 A.2d 1290 (Pa.Cmwlth.1996).

rear of the Vehicle.[3] Immediately thereafter, Womack fled on foot, but was soon apprehended by the two officers and taken into custody. At the time of his arrest, Womack was in possession of eighty bags of cocaine and $225 in U.S. currency.

After Womack was apprehended, Officer Watley then observed Richardson attempting to get into the Vehicle and leave the area. Although Richardson did not have any drugs on his person,[4] and the Officers had not observed Richardson exchange anything other than money with Womack, the police arrested Richardson and impounded the Vehicle. In the subsequent inventory search of the Vehicle, the CCPD discovered the following items: Ruger pistol with fifteen rounds in its clip; owner cards for two other vehicles owned by Richardson; a Macy's bill addressed to Richardson; a copy of a money order in Richardson's name; and various receipts with Richardson's name on them.[5] Richardson was subsequently charged with having violated the Drug Act,[6] having committed criminal conspiracy,[7] and having carried a firearm without a license.[8] All criminal charges against Richardson, however, were later dismissed.

On November 20, 1992, Strand, the title owner of the Vehicle, filed a petition for the return of the Vehicle with the Court of Common Pleas of Delaware County; and on December 2, 1992, the Commonwealth submitted a "Petition for Forfeiture and Condemnation" of the Vehicle under the Forfeiture Act. A consolidated hearing on the merits of both of these petitions was held on January 27, 1993.

In addition to the facts recited above, Officer Sendek of the Narcotics Unit of the CCPD testified to having seen Richardson driving the Vehicle on thirty to forty different occasions during the past year. Sergeant Butler, the head of the Narcotics Unit, testified that, while investigating drug activity at the Lamokin Village Housing Project, he had also seen Richardson operating the Vehicle on numerous occasions. Sergeant Butler stated that "[e]very time I've seen the [V]ehicle in question, Mr. Richardson is the only one I've seen driving it." (Notes of Testimony (N.T.) at 24; Reproduced Record (R.R.) at 39.) On cross-examination, Sergeant Butler further testified that even though Strand was the registered owner of the Vehicle, he had never seen Strand driving the Vehicle. Finally, Sergeant Butler testified on redirect examination that, in his expert opinion as a narcotics officer, it was common practice for drug dealers to register vehicles in the name of third parties not involved in the drug trade in order to avoid forfeiture.

In support of his petition for return of the Vehicle, Strand produced a bill of sale and title documents to prove ownership. Strand also testified that Richardson was his cousin and that he frequently loaned the Vehicle to him. Despite his professed close relationship with Richardson, Strand stated that he did not know what Richardson used the car for and knew nothing about Richardson's alleged involvement in the illegal drug trade. However, on cross-examination, Strand was unable to explain why none of his personal effects were found in the Vehicle. Also, when asked how many automobiles he personally owned, Strand was evasive, first asking the court if he was required to answer

---

3. Strand, the title owner of the Vehicle, was not present. Strand maintains that he had simply loaned the vehicle to Richardson, his cousin, and had no knowledge of the manner in which Richardson was using the Vehicle.

4. At the time of his arrest, Richardson was in possession of $312 in U.S. currency as well as a "beeper of the type commonly used by drug dealers." (Trial Court's Opinion, 6/10/93, at 3.)

5. Significantly, no personal effects belonging to Strand, the purported owner of the Vehicle, were found in the search.

6. Richardson was charged with having violated Sections 13(a)(16), 13(a)(30), and 13(a)(32) of the

Drug Act, 35 P.S. §§ 780–113(a)(16) (knowingly or intentionally possessing a controlled substance), 780–113(a)(30) (unauthorized manufacture, delivery, or possession of a controlled substance), and 780–113(a)(32) (use or possession of drug paraphernalia for the purpose of manufacturing, converting, producing, processing, etc. a controlled substance).

7. Section 903 of the Crimes Code, 18 Pa.C.S. § 903.

8. Section 6106 of the Crimes Code, 18 Pa.C.S. § 6106.

the question and then stating "I don't remember how many I own."[9] (N.T. at 71; R.R. at 86.)

The court of common pleas found the testimony of the police officers to be both credible and persuasive, but rejected Strand's testimony as being "evasive and defensive." (Trial Court's Opinion, 6/10/93, at 7.) Based on the credible evidence presented by the Commonwealth, and in light of Strand's completely unconvincing testimony, the trial court concluded that the Vehicle had been used to "facilitate the transportation, sale, receipt, possession or concealment of controlled substances, drugs, or drug paraphernalia" so as to bring it within the scope of the Forfeiture Act. (Trial Court's Opinion, 6/10/93, at 8.) The court also specifically rejected Strand's contention that he qualified as an "innocent owner," exempted under Section 6801(a)(4)(ii) of the Forfeiture Act,[10] because:

Strand was merely a straw party, and the [V]ehicle was titled in his name to avoid forfeiture, as a result of the fact that Richardson was a drug dealer. Strand's challenge of the forfeiture of the [Vehicle] under the [Forfeiture Act] solely by reason of his possession of legal title, is insufficient, as the [V]ehicle was primarily intended for Richardson's use.[11]

(Trial Court's Opinion, 6/10/93, at 11.)

■ Accordingly, by order dated January 27, 1993, the court of common pleas denied Strand's petition for the return of the Vehicle and granted the Commonwealth's forfeiture petition. Strand filed a timely motion for reconsideration with the trial court which was denied by order dated February 16, 1993. Strand's appeal to this Court followed.[12]

On appeal, Strand raises the following two issues for our review: (1) whether the trial court erred in determining that the Vehicle was used or intended to be used for the facilitation of drug activity; and (2) whether the trial court erred in its determination that Strand is not the true, legal owner of the Vehicle.

■ Strand's first argument is that the Commonwealth failed to meet its burden of proof in support of its claim that the Vehicle was used or intended to be used for the facilitation of drug activity. Strand argues that the record is devoid of any evidence which would support a finding that Richardson was involved in a single drug transaction, either on the date in question or at any other time. Furthermore, Strand argues that because there is no evidence implicating Richardson in any drug related activity, the trial court's conclusion that the Vehicle was used by Richardson to facilitate drug activity is necessarily flawed. We disagree.

■ The keystone of Strand's argument is the fact that all criminal charges against

**9.** Strand was unable to even answer the question of whether he owned more than five vehicles. Furthermore, he could not remember what car he had driven while Richardson was using the Vehicle which was confiscated. Incredibly, he could not even remember what car he had driven to get to court on the day of the hearing, only a few hours before; eventually, Strand asserted that he had "rode the bus." (N.T. at 75; R.R. at 90.)

**10.** Section 6801(a)(4)(ii) provides:
no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent, which absence of knowledge or contest must be reasonable under the circumstances presented[.]
42 Pa.C.S. § 6801(a)(4)(ii).

**11.** The court of common pleas dismissed Strand's "innocent owner" defense on two grounds. First, the court determined that Rich-

ardson, rather than Strand, exercised dominion and control over the Vehicle, and thus was its actual owner for the purposes of the Forfeiture Act. Second, the court determined that Strand's professed lack of knowledge of what the Vehicle was in fact being used for was not reasonable. Therefore, even assuming, *arguendo*, that Strand was the owner of the Vehicle, Strand could not avail himself of the "innocent owner" defense.

**12.** Our standard of review is limited to examining whether the findings of fact made by the trial court are supported by competent evidence, and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. $8006.00 U.S. Currency Seized from Carter*, 166 Pa.Cmwlth. 251, 646 A.2d 621 (1994); *see also SAS, Inc. v. State Police, Bureau of Liquor Control Enforcement*, 162 Pa.Cmwlth. 263, 638 A.2d 455, *petition for allowance of appeal denied*, 539 Pa. 660, 651 A.2d 545 (1994).

Richardson were ultimately dismissed. However, the burden of proof in criminal proceedings is the "beyond a reasonable doubt" standard, while proceedings under the Forfeiture Act are civil in nature and are governed by the "preponderance of the evidence" standard. *See* 42 Pa.C.S. 6802(j); *One 1988 Toyota Corolla; Commonwealth v. $2,523.48 U.S. Currency,* 151 Pa.Cmwlth. 630, 618 A.2d 1074 (1992), *rev'd on other grounds,* 538 Pa. 551, 649 A.2d 658 (1994). Accordingly, the mere fact that the criminal charges were dropped did not preclude the trial court from finding, in the context of a civil forfeiture proceeding, that Richardson engaged in criminal activity proscribed by the Drug Act or that the Vehicle was used to facilitate that activity.

The evidence implicating Richardson was admittedly circumstantial and might very well have been insufficient to support a finding of guilt beyond a reasonable doubt in a criminal proceeding. Richardson was not actually found with drugs in his possession, nor was he observed transporting or delivering drugs to someone else. Nonetheless, Richardson was observed taking part in a substantial monetary transaction outside the Vehicle; Womack, the person involved in this transaction, was apprehended shortly thereafter with a substantial amount of cocaine on his person; and a beeper, a pistol, and a substantial amount of cash (all indicia of drug activity) were discovered during the subsequent search of Richardson and the Vehicle. Viewing this evidence in its entirety, the trial court's finding that Richardson used the Vehicle to facilitate illegal drug activity was supported by a preponderance of the evidence.

■ Moreover, the mere fact that no drugs were found in the Vehicle and that the alleged drug transaction took place outside the Vehicle does not negate the trial court's finding that the Vehicle was used to facilitate drug activity. The plain language of the Forfeiture Act prohibits the use of a vehicle which "in any manner ... facilitate[s] the transportation, sale, receipt, possession, or concealment" of proscribed substances under the Drug Act. 42 Pa.C.S. § 6801(a)(4). This language has been interpreted broadly so that the Commonwealth is not required to show that drugs were actually found on the vehicle, or on the driver of the vehicle, in order for the property to be forfeited. *See Commonwealth v. $1920.00 U.S. Currency,* 149 Pa.Cmwlth. 132, 612 A.2d 614 (1992). Rather, the Commonwealth must merely establish "a sufficient or substantial nexus between the property and the prohibited activity." *Commonwealth v. 502–504 Gordon Street,* 147 Pa.Cmwlth. 330, 607 A.2d 839, 842 (1992), *aff'd,* 535 Pa. 515, 636 A.2d 626 (1994). For example, in *Commonwealth v. One 1979 Lincoln Four Door Sedan,* 344 Pa.Superior Ct. 171, 496 A.2d 397 (1985), *petition for allowance of appeal denied,* 513 Pa. 634, 520 A.2d 1384 (1987), the Superior Court upheld the forfeiture of an automobile which had been used only to bring sandwiches and coffee to workers in an illegal, clandestine drug laboratory. In that case, no drugs had been found in the automobile or on its driver, and the Commonwealth did not even allege that it had been previously used to transport drugs. Nonetheless, the Superior Court found that since the vehicle had been used to transport the drug worker to the lab, as well as food for the other workers, a sufficient nexus existed between the drug operation and the vehicle to warrant its forfeiture under the Forfeiture Act. *Id.*

In the present case, even if Richardson had not actually used the Vehicle to transport drugs, the Vehicle clearly enabled him to arrive at the scene where the drug transaction with Womack took place and would have assisted him in leaving if not for his arrest by the CCPD. Therefore, the trial court acted properly, and in accordance with prior case law, in finding that the Vehicle "facilitated" Richardson's violation of the Drug Act.

■ Strand's second argument is that the trial court erred in its determination that Strand is not the true, legal owner of the Vehicle. In support of this argument, Strand relies primarily on the fact that he is the title owner of the Vehicle. However, as we recently held in *One 1988 Toyota Corolla,* holding title to an automobile does not, in and of itself, prove actual legal ownership for the purposes of the Forfeiture Act. *See also*

*Commonwealth v. One 1988 Suzuki Samurai,* 139 Pa.Cmwlth. 68, 589 A.2d 770 (1991). For true ownership to exist, one must exercise "dominion and control" over the vehicle. *Id.*

■ In the present case, the trial court found that Richardson, and not Strand, was the real owner of the Vehicle, because Richardson had access to the Vehicle and was the regular user of it. This finding was based on the testimony of Officers Sendek and Butler of the CCPD who saw Richardson driving the Vehicle on numerous occasions, the presence of Richardson's personal effects in the Vehicle, and the complete lack of any evidence (other than the certificate of title and bill of sale for the Vehicle) which would remotely suggest that Strand actually exercised ownership over the Vehicle.[13] Because this finding is supported by ample evidence

in the record, we reject Strand's contention that the trial court committed error.[14]

Accordingly, based on the reasons enumerated above, we affirm the order of the Court of Common Pleas of Delaware County.

### ORDER

AND NOW, January 7, 1997, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.

---

**13.** Strand failed to present any plausible explanation to rebut the testimony of the police officers or the other evidence presented by the Commonwealth. Instead, Strand was evasive and uncooperative, seemingly unable to answer the most basic questions concerning such things as how many cars he owned and how he got to court that morning. The trial court not only rejected his testimony as lacking all credibility, but also found that the testimony supported its finding that Strand was nothing more than a "straw party" used to shelter the Vehicle from forfeiture. *See supra* note 9.

**14.** Because the trial court properly found that Strand was not the actual owner of the Vehicle,

he may not avail himself of the "innocent owner" defense. *See Shapley v. Commonwealth,* 150 Pa.Cmwlth. 106, 615 A.2d 827 (1992). Even assuming that Strand had no knowledge of Richardson's illegal activities, and that his lack of knowledge was reasonable, Strand would not be entitled to recover the Vehicle. Therefore, we reject Strand's argument that he had no knowledge of any illegal activities engaged in by Richardson which were facilitated by the use of the Vehicle, as irrelevant based on the trial court's finding that Strand was not the real owner of the Vehicle.