**COMMONWEALTH of Pennsylvania,**

**v.**

**The Real Property and Improvements Commonly Known 648 WEST MAYFIELD STREET, Philadelphia, Pa.**

**Appeal of Catherine V. Rorls.**

Commonwealth Court of Pennsylvania.

Argued March 4, 2003.
Decided March 28, 2003.

Ronald J. Pressley, Philadelphia, for appellant.

Jason E. Fetterman, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Catherine V. Rorls (Claimant) appeals from an order of the Court of Common Pleas of Philadelphia County which granted the Petition for Forfeiture filed by the Commonwealth of Pennsylvania (Common-

wealth) against the residential property located at 648 West Mayfield Street, Philadelphia, Pa (the property), which was being used to facilitate the sale of illegal drugs. We affirm.

Nathanial Rorls, Claimant's husband, owned the subject property. Mr. Rorls died on October 16, 1997 and left the property to Claimant, who was the executrix of his estate. Dawn Rorls (Dawn), Claimant's stepdaughter, lived at the property. It is undisputed that Dawn used the property to facilitate the sale of crack cocaine. On April 16 and April 18, 2001, undercover police officers used buy money to purchase crack cocaine from Dawn Rorls at the property. On April 18, 2001, police officers executed a search and seizure warrant at the property and Dawn was arrested. On June 29, 2001, the Commonwealth filed a Petition for Forfeiture against the property and hearings were held on July 11, 2001 and August 22, 2001. Claimant filed a response denying the allegations set forth in the forfeiture petition and, in a New Matter, asserted the innocent owner defense.

While the Petition for Forfeiture was pending and despite her previous arrest, police surveillance conducted on December 11 and December 12, 2001 confirmed that Dawn continued to use the property to sell crack cocaine. On December 12 and December 13, 2001, the police again used buy money to purchase crack cocaine at the property from various people, including Dawn. On December 13, 2001, the police arrested Dawn and searched the property. Crack cocaine was found at the property and on Dawn.

On April 8, 2002, a hearing was held on the Commonwealth's Petition for Forfeiture. At the hearing Claimant testified that she never gave Dawn permission to store drugs on the property or sell

drugs from the property. On cross-examination, Claimant admitted that she was on notice as to the illegal activity at the property because of the Petition for Forfeiture, which was filed before Dawn's second arrest on drug charges. In addition, the following exchange took place on cross-examination:

Commonwealth's attorney: And what did you do, if anything, to prevent any future drug activity from occurring at that property after you were on notice of the criminal activity occurring in April?

. . .

Claimant: Well, when she said there was a problem, I hoped that she was taking care of her problem. It wasn't nothing I could do about it.

. . .

Commonwealth's attorney: So, you just left if up to Ms. Dawn Rorls to handle it.

Claimant: Her situation, yes.

. . .

Commonwealth's attorney: And what did you do from . . . August 2001, until today to prevent that activity from occurring again?

Claimant: Because at that time I had my mother, my mother was 99 years old, I did not do anything because Dawn was living there. I had my mother to take care of. I did not do anything.

Commonwealth's attorney: Would you say that you were responsible for the property at 648 West Mayfield Street as executrix of your husband's estate?

Claimant: Yes, but I'm not responsible for what goes on there. I don't know what's going on. I'm in West Oak Lane, I'm taking care of my mother, I don't know what's going on.

(N.T. 04/08/02, pp. 44–48). On April 12, 2002, the trial court granted the Commonwealth's Petition for Forfeiture. This appeal followed.[1]

1. Our scope of review in forfeiture proceedings is limited to determining whether the

On appeal, Claimant asserts that, because the illegal drug activity at the property was conducted without her knowledge or consent, she is an "innocent owner." Therefore, Claimant argues that the order of the trial court should be reversed.

The Controlled Substances Forfeiture Act (Forfeiture Act) sets forth, in relevant part, that:

(j) Owner's burden of proof.—At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a), the burden shall be upon the claimant to show:

(1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.

(2) That the claimant lawfully acquired the property.

(3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then *the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.*

42 Pa.C.S. § 6802(j) (emphasis added).

Claimant argues that the illegal activity occurred without her knowledge or consent and that her lack of knowledge or consent was reasonable. In support of her position, Claimant relies on the case of *Commonwealth v. $2,523.48 U.S. Currency,* 538 Pa. 551, 649 A.2d 658 (1994). In that case, the property owner owned a bar which was the subject of several police drug investigations. The Commonwealth petitioned for forfeiture of the property and the trial court granted the petition, holding that the property owner failed to prove a lack of knowledge and consent regarding the drug activity. On appeal, this Court held that the trial court erred by requiring the property owner to prove a lack of knowledge *and* consent, rather than a lack of knowledge *or* consent. Despite this error, we affirmed the trial court because we found that the property owner failed to establish a lack of knowledge or consent regarding the illegal drug activity. On appeal, the Supreme Court held that:

The next issue we must address is whether the Commonwealth Court erred in refusing to remand this matter to the trial court for a new evidentiary hearing. In this case, the trial court erroneously held that Appellant was required to prove lack of knowledge *and* consent. It is clear that the trial court found that the evidence established knowledge on the part of Appellant. Nevertheless, *evidence which establishes knowledge of illegal drug activity does not automatically establish consent to that activity.* According to the trial court, the evidence showed that Appellant was not entitled to an innocent owner defense. [citation omitted]. However, there is no indication that the evidence, if examined under the proper standard, would not have been sufficient to establish that his lack of consent was reasonable under the circumstances. *It is impossible for this Court to ascertain from the trial court's opinion where, if at all, its analysis went from considering the reasonableness of Appellant's lack of knowledge to considering the reasonableness of Appellant's lack of consent.*

trial court's findings of fact are supported by competent evidence or whether the trial court abused its discretion of committed an error of law. *Strand v. Chester Police Department,* 687 A.2d 872 (Pa.Cmwlth.1997).

The Commonwealth Court disposed of the issue of consent by comparing the actions of Appellant with the actions of the property owners in *Gordon Street*.[2] The property owners in *Gordon Street* went well beyond what was necessary for them to protect their property; they were subjected to threats and physical violence because of their cooperation with the police. We refuse to require that a property owner become an adjunct to the law enforcement community or that he endanger his life or the lives of others in preventing the illegal activity of third parties. His actions to prevent illegal drug activity once he becomes aware of it must only be reasonable considering the circumstances.

According to the Commonwealth Court, Appellant failed to prove both lack of knowledge and lack of consent. *Commonwealth v. $2,523.48 U.S. Currency,* 151 Pa.Commw. at 633, 618 A.2d at 1076. Regarding consent, the Commonwealth Court stated that "we need only compare the evidence in this case to that in 502–504 Gordon Street, where this court found that the landowner had prevailed on an innocent owner defense." *Id.* 147 Pa.Commw. at 634–35, 618 A.2d at 1076. This was error by the Commonwealth Court. *The standard for determining lack of consent is not whether the property owner did as much as another property owner did to prevent illegal activity. As we stated earlier, the standard is one of reasonableness; what is reasonable for one property owner may not be reasonable for another. All of the circumstances surrounding the property owner's actions, or lack of action, must be considered in determining if they were reasonable.*

*Id.* at 557–559, 649 A.2d at 661–662 (emphasis added). Accordingly, the Supreme Court reversed our decision and remanded this case to the trial court to make a factual determination as to the consent issue.

In this case, with regard to whether Claimant established that she was an "innocent owner", the trial court stated that:

> The Forfeiture Act provides that the owner of a lawfully acquired property can avoid forfeiture of that property but the owner has the burden of proving that the property was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the owner, then he must show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances. 42 Pa.C.S. § 6802(j)(3). During the evidentiary hearing [Claimant] testified "Why should they take my house, I did not do anything. I'm not responsible for Dawn. Dawn is thirty something years old. I had my mother, my mother was ninety-nine (99) years old, I did not do anything because Dawn was living there. I had my mother to take care of. I did not do anything." "I don't know whats {sic} going on. I'm in West Oak Lane, I'm taking care of my mother, I don't know whats {sic} going on." (N.T. 4/8/02, 47–48) Such statements amount to the owner of a property turning a blind eye to illegal activity and can not be condoned by this court.

(Trial Court opinion, pp. 7–8).

The burden of proving lack of knowledge or consent to drug activity is on the owner. 42 Pa.C.S. § 6802(j)(3). The trial court cited Claimant's testimony, which

---

**2.** *Commonwealth v. 502–504 Gordon Street,*   147 Pa.Cmwlth. 330, 607 A.2d 839 (1992).

shows that she did absolutely nothing to stop the drug activity at the property. Because of her lack of action, Claimant cannot sustain her burden of proving that she did not have any knowledge of the drug activity or that she did not consent to the drug activity. Furthermore, it was not reasonable for Claimant to do absolutely nothing to stop the drug activity. Claimant could have made some minimum effort to evidence her lack of consent, such as calling the police, and/or having Dawn and her cohorts removed from the property or even sending Dawn a certified letter telling her to leave the property. However, Claimant did absolutely nothing. Thus, the trial court did not err by granting the Commonwealth's Petition for Forfeiture.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, March 28, 2003, the order of the Court of Common Pleas of Philadelphia County docketed at MR No. 0199–5121 and dated April 12, 2002 is hereby AFFIRMED.