COMMONWEALTH of Pennsylvania,
Appellant

v.

$3,222.00 U.S. CURRENCY;  One (1) 1992 Mazda 929, VIN JM1HD4615N0104019; One (1) Sentry Safe, Model 1230, Serial No. 2729723;  Two (2) Motorola Pagers, Serial Nos. 0130557016 and E0982470;  Four (4) Tazio Chrome Rims;  One (1) Hitachi Television Model 31 CX6B, Serial No. V5G004537; One Black Television Stand, Model RB 3132, Serial No. 607117944;  One (1) Pioneer CD/VCD Laser Disc Player, Model CLDM 301, Serial No. NI3951341TP;  One (1) Pioneer Tape (Cassette) Deck, Serial No. OC360614SI;  One Pioneer Equalizer, Serial No. QH39104052C;  One (1) Pioneer Audio/Video Receiver, Serial No. NL3625082AH;  One (1) Hitachi VCR, Model VTUX615A, Serial No. 61032245;  One (1) Hitachi Big Screen Television, Model 50JX11K, Serial No. W2H003452;  Two (2) Cerwin Vega Speakers, VS Series, Serial Nos. 052776 and 052712;  One (1) Brown Wooden Entertainment Center–Wall Unit;  One (1) Hewlett Packard Printer/Fax, Serial No. US76PA33FB;  Two (2) Sony Play Stations, Serial Nos. U5729819 and S 9077036;  One (1) Rainbow Vacuum Cleaner, E Series, Serial No. 9002774;  One (1) Small Cerwin Vega Speaker, Serial No. 02345; Two (2) Small Pioneer Speakers, Model CS–X500k, No Serial Number;  One (1) Compaq Presario 4170 ET Seq. Hard Drive, Serial No. X714BKVB0823;  One (1) Computer Monitor, Serial No. 702AG07GG782; Two (2) Computer Speakers, Serial No. 3105992 and 3105991;  and One (1) Computer Keyboard and Mouse, Serial No. 237743301

Monroe Hawkins, Claimant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 28, 2004.

Decided Aug. 17, 2004.

Mary Benefield Seiverling, Harrisburg, for appellant.

Anthony N. Thomas, Harrisburg, for appellee.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COHN.[1]

The Commonwealth of Pennsylvania (Commonwealth) appeals an order of the Court of Common Pleas of Dauphin County (trial court) that granted in part and denied in part the Commonwealth's Motion for Forfeiture. There is no cross-appeal by Monroe Hawkins, the alleged owner of the property in issue.[2] On appeal, we are asked to decide whether the trial court retained jurisdiction over the civil forfeiture action and, on the merits, whether it erred in denying the forfeiture petition in part because it allegedly imposed an improper burden on the Commonwealth.

Central to an understanding of this case is the undisputed fact that Hawkins had been convicted of drug offenses on two separate occasions, first, by the Commonwealth in 1994, resulting in his incarceration from 1994–1996 and, second, by the United States government in 2002, resulting in Hawkins being sentenced to a 20-year term of imprisonment. However, it is the events subsequent to Hawkins' release in 1996 that are of primary concern here, and we shall relate that background information in detail.

The Commonwealth, on June 26, 1998, executed a search warrant on Hawkins' residence based on suspicion that he was a major cocaine distributor in the Harrisburg area. James Tillman, an agent with the Bureau of Narcotics Investigation and Drug Control, conducted the search. During execution of the warrant, many of Hawkins' possessions were seized from his Harrisburg residence. Since that time the property has been in the custody of the Commonwealth.

On September 4, 1998, Hawkins was arrested and charged in the trial court

---

1. This case was originally assigned to the author on May 28, 2004. By order entered June 1, 2004, we granted Monroe Hawkins, the alleged owner of the property in issue, leave to file his brief out of time. Additionally, we directed the Commonwealth to file a reply brief addressing the jurisdictional question, which had first been raised in Hawkins' brief. The reply brief was filed on June 16, 2004, and this case is now ready for disposition.

2. The items subject to this appeal are those enumerated on page 7 of the trial court's opinion.

with criminal possession with intent to deliver a controlled substance and conspiracy. On October 10, 1999, the Commonwealth also filed in the trial court a *civil* forfeiture proceeding, seeking forfeiture of the property that had been seized at Hawkins' residence. The trial court ordered that the forfeiture petition hearing be held in abeyance until disposition of the underlying criminal charges.[3]

On January 24, 2001, before the criminal trial began, the United States Attorney's Office filed a two-count indictment against Hawkins in the United States District Court for the Middle District of Pennsylvania (District Court). Therein, Hawkins was charged with distribution of cocaine and conspiracy. Based on that action, the Commonwealth, on March 22, 2001, sought and obtained from the trial court an order formally withdrawing the *criminal charges* before it. However, the Commonwealth did *not* withdraw the civil forfeiture proceeding pending in the trial court.

Hawkins pled not guilty in the District Court. The United States government then filed, on June 6, 2001, a "superseding" seven-count indictment charging Hawkins with six drug-related crimes. Count seven of the indictment sought *criminal* forfeiture of Hawkins' property under 21 U.S.C.

§ 853. On June 15, 2001, a federal jury convicted Hawkins of four of the six counts and dismissed the other two counts. What happened with count seven was the subject of some confusion.[4]

On April 19, 2002, the Commonwealth filed a "Motion for Order of Forfeiture" in the trial court, seeking to pursue the civil forfeiture action. A hearing was ultimately held on July 16, 2003 and, at that hearing, Hawkins' attorney moved to dismiss the action for lack of state court jurisdiction, arguing that the federal forfeiture charge had been dismissed and the matter was *res judicata*. See n. 4. The trial court heard testimony on the merits, and took the issue under advisement pending receipt of briefs.

Ultimately, the trial court denied the motion to dismiss. In so doing, it reasoned that the District Court had never exercised any jurisdiction over the *property* that was the subject of the Commonwealth's in rem action, because the federal action was in personam and the District Court "dismissed the forfeiture action prior to it even commencing." Thus, the trial court recognized that the forfeiture count had not been adjudicated in the federal forum. (Trial court op., p. 4.)

---

3. The forfeiture proceeding was delayed for a considerable period because Hawkins filed a pretrial motion seeking to dismiss the criminal charges on double jeopardy grounds. His motion was denied, as was an appeal from that order to the Superior Court. The matter was eventually remanded for trial on August 8, 2000.

4. The trial court noted that, "At the time the verdict was reached the [District Court] upon the United States government's motion, orally dismissed the forfeiture count, according to the federal court's docket report." This fact is supported by the Federal Court Docket Report, Item 56, which was attached to a brief in support of a motion to dismiss filed by Hawkins in the trial court. However, this

was not, in fact, the case. As the trial court explained, "[w]ith regard to the jurisdictional issue, [raised in a motion to dismiss filed with the trial court] ... [the] attorney [for Hawkins] argued in his brief that after reviewing the federal court docket, he discovered that no reference had ever been made to forfeiture at Count 7, which should have been dismissed (apparently overlooking the docket sheet indicating that Judge Caldwell orally dismissed the forfeiture count on June 15, 2001). As such, [Hawkins'] counsel brought the omission to the attention of Judge Caldwell, who, on July 28, 2003 issued an order dismissing Count 7, *nunc pro tunc.*" (Trial Court op., p. 3.)

On the merits, the trial court found that the Commonwealth had proved its case with regard to numerous seized items and directed that they be forfeited. Hawkins does not contest that portion of the order on appeal. The trial court next found that a Sentry Safe that had been seized was, allegedly, not owned by Hawkins; it denied the motion for forfeiture with respect to this item "pending proceedings against the proper owner." (Trial Court op., p. 7.)

■ In determining the disposition as to the remaining seized items, the trial court noted that Hawkins argued he had obtained those items with drug money acquired *prior* to his 1994 conviction, "not with proceeds from sales related to drug activity for which this property was seized." (Trial court op., p 7.) On this issue, the trial court, appearing to have misunderstood the Commonwealth's position, wrote that "[t]he Commonwealth argued that the items had been purchased with proceeds related to the drug activity at issue," *i.e.,* the activities that resulted in the 2002 federal conviction, not the earlier state conviction. *Id.* Accordingly, over the Commonwealth's objection, the trial court directed the parties to determine "the dates of the models of the items involved" in order to ascertain when they could have been purchased. *Id.* Neither party did so. The trial court, therefore, held that the Commonwealth had failed to meet its burden to prove by a preponderance of the evidence that the property was unlawfully purchased with drug money acquired *after* 1996 and, accordingly, denied forfeiture as

to those items. The Commonwealth appealed to this Court.[5]

On appeal, the Commonwealth argues first that the trial court erred in requiring it to prove that Hawkins had not bought the subject items with drug money accumulated prior to 1994. It asserts that it was required only to show a nexus between the seized property and Hawkins' drug dealing, whether before his 1994 incarceration or after his 1996 release, and that it has met this burden. It next asserts, in a related argument, that there is no legal basis for the trial court's ruling that the Commonwealth must prove the nexus between the seized property and the most recent drug charges. Finally, it asserts that the trial court's decision is not supported by substantial evidence. In response, Hawkins contends, first, that the trial court lacked jurisdiction over this matter because of the District Court proceedings and, second, that the Commonwealth failed to show any nexus between the property seized pursuant to the federal drug conviction in 2002 and the property purchased prior to the 1994 state drug conviction.

■ We consider the jurisdictional issue first. Hawkins asserts that because the federal criminal indictment included a forfeiture count, the trial court lost jurisdiction over the earlier filed state forfeiture action.[6] As noted earlier, he asserts that the dismissal of Count seven is *res judicata* as to the state action. However, as the Commonwealth correctly recognizes, state forfeiture proceedings are in rem actions.[7]

5. Our standard of review is limited to determining whether the trial court's findings of fact are supported by competent evidence, and whether it abused its discretion or committed an error of law. *Strand v. Chester Police Department*, 687 A.2d 872, 875 n. 12 (Pa.Cmwlth.1997).

6. Hawkins did not raise the issue that any applicable statute of limitations had run. Because that issue was not raised before the trial court or in legal briefs, it is waived. Had it been raised, the outcome could well have been different here.

7. Federal forfeiture proceedings are governed by 21 U.S.C § 853. They are criminal ac-

*Strand v. Chester Police Department*, 687 A.2d 872, 873 n. 2 (Pa.Cmwlth.1997). Thus, under Section 6802 of the Judicial Code, 42 Pa.C.S. § 6802, which establishes the procedure for property seized due to violations of The Controlled Substance, Drug, Device and Cosmetic Act,[8] jurisdiction over the res became vested in the common pleas court. That jurisdiction was never relinquished, even though the Commonwealth withdrew the criminal action pending in the trial court. As the Commonwealth correctly points out, the federal government's interest in the property is not perfected until a jury returns a special verdict that the property is forfeited. *United States v. De Ortiz*, 910 F.2d 376, 379 (7th Cir.1990). After that, the federal court must then issue a preliminary order of forfeiture under Federal Rule of Criminal Procedure 32.2 before the property can be seized.[9] Neither of those actions occurred here. Therefore, the federal forum never attained jurisdiction over the property. For this reason, there was no divestiture of the trial court's jurisdiction in the civil forfeiture proceeding before it. We, thus, agree with the trial court's ruling that it retained jurisdiction over the forfeiture action.

▪ Turning to the merits, we consider the question of whether the trial court incorrectly ruled that the Commonwealth must prove a nexus between the seized property and the post–1996 drug activities.[10] We note first that the seizure and

---

tions, *id.*, and are in personam. *United States v. De Ortiz*, 910 F.2d 376, 382 (7th Cir.1990).

8. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101 through 780–144.

9. The federal rule pertinently provides:
   (b) Entering a Preliminary Order of Forfeiture.
   . . .
   (2) Preliminary Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. . . .
   (3) Seizing Property. The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property . . . until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
   Fed.R.Crim.P. 32.2.

10. Although our disposition of this issue does not require analysis of the detailed evidence on the merits, we note that the record reveals that, in support of its burden, the Commonwealth presented an offer of proof as to what the testimony of James Tillman would be. (N.T. 8–10.) According to the offer, during the search of Hawkins' residence, Tillman observed electronic equipment that appeared to be brand new. Hawkins told Tillman that, following his release from prison in 1996, he worked for a short time at a McDonald's restaurant while he was in a halfway house. Other than that, Hawkins apparently has had no legitimate income since 1996 other than some electrical work he performed "under the table." Tillman asked Hawkins how he was able to maintain his lifestyle, given his limited legitimate income. Hawkins responded that he was living off drug money and would not have to work the rest of his life. Specifically, he claimed that he had made $15,000 a week for one-and-a-half years and had hidden the money. He also admitted that he had titled cars and other such purchases in other persons' names. Hawkins also told Tillman during the search that there was $3000 in drug money on top of his entertainment center. Further, he admitted to Tillman that $9900 found in his apartment in March 1998 was "probably" from drug proceeds.

Hawkins also testified. He stated that the money and property seized had been acquired by him and Ruth Mitchell, the mother of his child, before 1994. He admitted that he had been a drug dealer in 1994 and had gone to prison without spending that drug money. He further stated that when he was released from prison, after serving the 1994 sentence, he purchased new items for Mitchell and then took the older items in her home to his. Hawkins also stated that he and Mitchell had bought a Hitachi television together, as well as a television stand, CD/VCD disc player,

forfeiture of property under Section 6801 of the Judicial Code, 42 Pa.C.S. § 6801, requires neither a criminal prosecution nor a conviction. *Commonwealth v. $73,671.30 Cash, Currency,* 654 A.2d 93, 94 (Pa. Cmwlth.1995), *petition for allowance of appeal denied,* 541 Pa. 654, 664 A.2d 543 (1995). This is because the property is forfeited in a *civil* proceeding. *Id.* To meet its initial burden, the Commonwealth must show, by a preponderance of the evidence, a nexus between unlawful activity and the property for which forfeiture is sought. *Commonwealth v. One 1988 Suzuki Samurai,* 139 Pa.Cmwlth. 68, 589 A.2d 770, 771 n. 2 (1991). The trial court, however, required the Commonwealth to prove that Hawkins used *new* drug money, not *any* drug money, to purchase the items for which it sought forfeiture.

The Commonwealth maintains that it was not required to tie the seized items to drug activities subsequent to Hawkins' 1996 release from prison, but rather, to establish a nexus between drug money and the purchase of the property. We agree because 1) such a requirement is not part of the statute, 2) such a holding would contravene public policy and, 3) contrary to Hawkins' notion of the law, the concept of double jeopardy does not apply in this type of a situation. Under Section 6801(a)6(i)(A) of the Judicial Code, 42 Pa. C.S. § 6801(a)6(i)(A), among the items subject to forfeiture are *"Money . . . furnished* or intended to be furnished by any person *in exchange for a controlled substance* in violation of the Controlled Substance, Drug, Device and Cosmetics Act, *and all proceeds traceable to such an exchange."* (Emphasis added.) Although it is certainly true that where property is acquired *prior to engaging in illegal activity* it cannot be forfeited,[11] nothing in Sections 6801 or 6802 precludes the Commonwealth from obtaining forfeiture where property is acquired, at least in part, from various drug activities for which more than one previous conviction existed. Insulating "ill gotten gains" in the manner Hawkins proposes would be contrary to public policy. Further, it is clear that where an in rem civil forfeiture proceeding postdates drug convictions, there is no double jeopardy violation. *Commonwealth v. Wingait Farms,* 547 Pa. 332, 690 A.2d 222 (1997), *cert denied sub nom. Reitz v. Pennsylvania,* 522 U.S. 831, 118 S.Ct. 98, 139 L.Ed.2d 53 (1997) (holding that civil forfeiture does not constitute "punishment" for purposes of double jeopardy). Thus, we conclude that the trial court erred in placing a burden on the Commonwealth to

---

Pioneer cassette tape deck, Pioneer equalizer, audio-video receiver, Hitachi VCR, Hitachi big screen TV, speakers, wooden entertainment center, Sony Play Stations, a vacuum cleaner, Cerwin Vega speakers and Pioneer speakers. He further testified that the 1993 Hitachi Model 50 big screen television was purchased prior to 1994 and was not bought with drug money. He also testified that certain pagers were titled in the name of his niece and "another fellow." Hawkins also admitted purchasing a Compaq hard drive, computer monitor, computer speakers, keyboard, computer and mouse, all more recently. (N.T. 11–26)

There followed thereafter a colloquy where the trial court indicated that it had misunderstood that Hawkins had been making $15,000 a week *prior* to 1994. To clarify the matter, Tillman was called to the stand. He stated that Hawkins was willing to talk to him about events prior to September 9, 1994 because he had already served a prison term for those drug activities and believed he was protected by double jeopardy. (N.T. 27.) Tillman also testified that at Hawkins' federal trial, Hawkins stated that he had saved approximately $70,000 from his involvement in drug trafficking between 1990 and 1994. (N.T. 26.)

11. *Commonwealth v. Fidelity Bank Accounts,* 158 Pa.Cmwlth. 109, 631 A.2d 710, 719 (1993).

establish a nexus only between the post–1996 drug activity and the seized items.

Because the trial court placed an improper burden on the Commonwealth, it did not 1) provide the Commonwealth's witness, Agent Tillman, with an opportunity to testify in the Commonwealth's case in chief, 2) make specific findings with regard to all of the individual items for which seizure was sought, and 3) make any credibility determinations on the defenses Hawkins proffered with respect to certain items, such as lack of ownership or purchase with legitimately acquired funds. Accordingly, we must vacate the order, only with respect to the items that were held not forfeited, and also remand for an additional hearing and a new decision.[12]

## ORDER

**NOW,** August 17, 2004, the order of the Court of Common Pleas of Dauphin County is hereby vacated insofar at it denied forfeiture of items denominated in page seven of its opinion and the matter is remanded for an additional hearings and factual findings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

12. Due to our disposition of this matter, we do not consider whether the findings that were made were supported by substantial evidence.