J. S03007/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ROCHELLE HOOKS, : No. 83 EDA 2014
:
Appellant :

Appeal from the Judgment, November 26, 2013,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0007738-2010

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JANUARY 30, 2015**

Rochelle Hooks appeals from the judgment of November 26, 2013, in this forfeiture proceeding.[1] We affirm.

On November 26, 2013, following an evidentiary hearing, the trial court found a sufficient nexus existed between violations of the Controlled Substances Act and the seized property, *i.e.*, one 2000 Buick LeSabre, and ordered it to be condemned and forfeited to the Commonwealth. The trial court found that the owner of the property, appellant, had knowledge or

---

[1] As the Commonwealth observes, ordinarily forfeiture proceedings are heard in the Commonwealth Court. (Commonwealth's brief at 3 n.2.) *Strand v. Chester Police Dept.*, 687 A.2d 872, 873 n.2 (Pa.Cmwlth. 1997). However, where there is no objection to our jurisdiction over the appeal, and in the interests of judicial economy, we may exercise jurisdiction pursuant to 42 Pa.C.S.A. § 704(a). *Wilson v. School Dist. of Philadelphia*, 600 A.2d 210 (Pa.Super. 1991).

consent of the property being used for illegal drug activity. In this timely appeal, appellant challenges the sufficiency of the evidence. Appellant claims that she made out an "innocent owner" defense, without knowledge or consent of the property's use for unlawful means.[2] Having determined that the Honorable George A. Pagano's July 28, 2014 opinion ably and comprehensively disposes of appellant's issues on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015

---

[2] Several other claims raised in her Pa.R.A.P. 1925(b) statement and addressed by the trial court, including that the trial court erred by denying her motion for default judgment, have been abandoned on appeal.

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
            :       No. 7738-10
     v.        :
            :
HOOKS, ONE BUIK LESABRE   :
            :

Sean McNabb, Esq., Attorney for the Commonwealth of Pennsylvania

John J. Martucci, Jr., Esq., Attorney for Hooks

## OPINION

PAGANO, J.                   July 28, 2014

On November 26, 2013, this Court ordered one 2000 Buick Lasabre to be condemned and forfeited to the Commonwealth. Rochelle Hooks, the former owner of the vehicle, has filed a Statement of Matters Complained of on Appeal in compliance with Pa.R.A.P. 1925(b)(1). For the reasons that follow, the Court recommends that its Order be affirmed.

### Procedural History

The procedural history for the purpose of Ms. Hooks appeal is as follows:

1.) Ms. Hooks filed a Motion for Return of Property on March 7, 2011.

2.) Ms. Hooks filed a Motion for Stay on March 24, 2011.

3.) Commonwealth filed a Petition for Forfeiture and Condemnation of Motor Vehicle on March 25, 2011.

4.) Ms. Hooks filed an Answer to Commonwealth's Petition for Forfeiture and Condemnation with New Matter and New Matter Cross-Claim on March 30, 2011.

5.) Ms. Hooks filed a Motion for Default Judgment filed on July 13, 2012.

1



6.) This Court, held a hearing on the Motion for Default Judgment on April 30, 2013, and the Court ordered each party to file briefs on the matter.

7.) This Court denied Ms. Hooks' Motion for Default Judgment on June 4, 2013.

8.) This Court held a hearing on the Petition to Forfeiture on November 26, 2013, and the Court ordered the motor vehicle in question to be forfeited on the same day.

## Discussion On Ms. Hooks' Appeal

Ms. Hooks' raises four main issues in the Concise Statement of Matters Complained of on Appeal: 1.) whether the Court followed mandatory requirements under the Forfeiture Act as to Notice and Service upon the property owner; 2.) whether the Court should have held a hearing and rule on the property owner's Motion for Return of Property; 3.) whether the Court erred or abused its discretion in denying the property owner's Motion for Default Judgment against the Commonwealth; and 4.) whether there was sufficient evidence to find in favor of the Commonwealth.

"Review of a grant of a forfeiture petition is limited to determining whether the findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law." Commonwealth v. All that Certain Lot or Parcel of Land Located at 605 University Drive, 61 A.3d 1048, 1050 (Pa. Cmwlth. 2012); *citing* Commonwealth v. Marshall, 698 A.2d 576, 578 (Pa. 1997).

### 1.) Notice and Service Requirements under the Forfeiture Act:

This Court finds no basis for the property owner's first claim suggesting this Court failed to follow mandatory notice requirements of the forfeiture statute. This Court acknowledges that "notice and opportunity to be heard are integral to forfeiture proceedings." Commonwealth v. Jackson, 53 A.3d 952, 956 (Pa. Cmwlth. 2012); *citing* Commonwealth v. 1997 Mitsubishi

2

Diamonti, 950 A.2d 1114, 1116 (Pa. Cmwlth. 2008). This Court ensured notice and opportunity to the property owner by holding a hearing on the merits of the forfeiture. Ms. Hooks was present at the hearing with her attorney on November 26, 2013, where she additionally testified on the record.

Furthermore, the statute does not list specific notice requirements *for the Court* to follow, which contradicts Ms. Hooks' allegation that the Court failed to follow mandatory requirements of the forfeiture statute. Ms. Hooks did not give any citation to a specific statute or further explain exactly how this Court erred in accordance to a statute. 42 Pa.C.S.A. §6802 (a) and (b), addresses the requirements for giving notice of forfeiture to property owners, and explains the proper procedures for *the party petitioning*. The statute explains in relevant part:

> **(a) General Procedure**.--…[T]he Commonwealth shall be the plaintiff…a petition shall be filed in the court of common pleas of the judicial district where the property is located, verified by oath or affirmation of an officer or citizen, containing the following:
> > (1) A description if the property seized.
> > (2) A statement of the time and place where seized.
> > (3) The owner, if known.
> > (4) The person or persons in possession, if known.
> > (5) An allegation that the property is subject to forfeiture pursuant to section 6801(a) (relating to controlled substances forfeiture)…
>
> **(b) Notice to property owners**.—A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure. The copy shall have endorsed a notice, as follows:
> > To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.
>
> The notice shall be signed by the Attorney General, Deputy Attorney General, district attorney, deputy district attorney or assistant district attorney.

3

Notice of the Petition for Forfeiture is a responsibility of the Commonwealth in accordance with the statute. Furthermore, this Court had no reason to believe there was a failure of notice or opportunity, because Ms. Hooks filed a timely Answer to the Commonwealth's Petition within five days after the Petition was filed. The Commonwealth filed their Petition on March 25, 2011, and Ms. Hooks filed her Answer on March 30, 2011. Section 6802(b) requires Ms. Hooks to file an answer within thirty days after she received the Commonwealth's petition. The timing of these filings made it clear that Ms. Hooks received the Petition, and had plenty of time to respond to the Petition within the thirty day allowance. Moreover, the obvious opportunity to raise an improper notice claim would have been at the forfeiture hearing. The Court did not breach any duty of bringing notice or opportunity to Ms. Hooks.

**2.) Ms. Hooks' Motion for Return of Property:**

Next, Ms. Hooks argues the Court should have ruled on the Motion for Return of Property. However, courts are permitted to hold a hearing on forfeiture and the return of property at the same time, and additionally, courts are not required to rule on the return of property if it rules to forfeit the property. According to Pa.R.Crim.P. 588(B), "The judge hearing such motion shall receive evidence on the issue of fact necessary to the decision theron. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property forfeited." Moreover, in Singleton v. Johnson, the trial court directly explains that a court is not required to specifically address a Motion to Return Property, when the Court grants forfeiture. 929 A.2d 1224, 1226 (Pa. Cmwlth. 2007). There, the court granted the forfeiture, and in a footnote explained, "[w]hile the trial court did not specifically deny return of property, it was inherently denied when forfeiture was granted." Id. The court further explained that one method for defeating a Motion for Return of

4

Property, is when an opposing party, not the moving party, proves they are entitled to possession. Id. at 1227. Here, the Commonwealth established lawful possession of the property by meeting its burden of proof for forfeiture. Section four of this Discussion explains in greater detail how the Commonwealth met the burden.

### 3.) The Denial of Ms. Hooks' Motion for Default Judgment:

Ms. Hooks next argues that the Court erred and abused its discretion in denying her Motion for Default Judgment. At the heart of Ms. Hooks argument is the issue of whether or not the Rules of Civil Procedure are applicable to the Controlled Substances Forfeiture Act. This is because Ms. Hooks' Motion for Default Judgment is a procedure normally used in civil cases, but forfeiture proceedings are also typically governed by the forfeiture statute, where forfeiture proceedings are considered a quasi-criminal. Commonwealth v. 605 University Drive, 61 A.3d 1048, 1054 (Pa. Cmwlth. 2012). The United States Supreme Court has held that forfeiture procedures are protected by the Fourth Amendment, and therefore cannot be solely civil in nature. Id., at 1053; *citing* One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965). In a recent plurality opinion in 605 University Drive, the Commonwealth Court overturned previous cases that applied the Rules of Civil Procedure, and held that the General Assembly intended for the Controlled Forfeiture Statute to be the complete procedure for forfeitures. Id., at 1054-55. The Supreme Court of Pennsylvania has granted the appeal of this case to hear this very issue. Commonwealth v. All that Certain Lot or Parcel of Land Located at 605 University Drive, 71 A.3d 915, (Pa. 2013).

However, despite this issue being an unsettled area of law, this Court's denial of Ms. Hooks' Motion for Default Judgment was appropriate no matter which statutory authority is applicable.

5

**A. Under the Civil Rules:**

If the Civil Rules apply, the denial of Ms. Hook's Motion for Default Judgment was proper because Ms. Hooks was required to file, and failed to file, a Notice of Praecipe for Entry of Judgment of Non Pros for Failure to File Complaint or by Default for Failure to Plead.

Pa.R.C.P. No 237.1. Oswald v. WB Public Square Associates, LLC explains:

> "No judgment of...default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered." [*Citing* Pa.R.C.P. 237.1(a)(2)] This written notification of intention to file a praecipe for default judgment ("Ten-Day Notice") must be delivered to the opposing party at least ten days prior to the entry of default judgment. Pa.R.C.P. 237.1(a)(2)(ii). In satisfying Rule 237.1, the notice also must comply with the requirements set forth at Pa.R.C.P. 237.5:
>
> The notice required by Rule 237.1(a)(2) shall be substantially in the following form:
>
> > **IMPORTANT NOTICE**
> >
> > **YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY AND OTHER IMPORTANT RIGHTS.**

Oswald, 80 A.3d 790, 794-95 (Pa. Super. 2013).

The denial of Ms. Hooks' Motion for Default Judgment was proper because she failed to follow all of the civil procedures to have a Motion for Default Judgment entered upon the Commonwealth.

6

**B. Under the Controlled Substances Forfeiture Act:**

If the Controlled Substances Forfeiture Act governs, this Court was proper in denying Ms. Hooks' Motion for Default Judgment, because such Motion is only applicable to civil claims. The Rules of Civil Procedure do not apply to forfeiture actions because the General Assembly provides "a complete procedure" in 42 Pa.C.S. §6802. 605 University Drive, 61 A.3d 1048, 1050 (Pa. Cmwlth. 2012).

It should also be noted, that until the Pennsylvania Supreme Court opines on the appeal of 605 University Drive, the law today stands to support the Forfeiture Act provides a complete set of procedures where civil procedures are not applicable.

**4.) Sufficiency of the Evidence:**

Ms. Hooks final claim is that there was not sufficient evidence for the Court to order her car to be forfeited, in favor of the Commonwealth. On the contrary, this Court found a nexus existed between the violations of the Controlled Substances Act and the property, in addition to finding insufficient evidence for Ms. Hooks' defense. At the November 26, 2013 Forfeiture hearing, the Commonwealth had a burden of proving, by a preponderance of the evidence, 1.) that there was a nexus between the seized property and the illegal drug activity; and 2.) that the owner had knowledge or consent of the property being used for illegal drug activity. 42 Pa.C.S.A. §6801 (1), and (4).

Whether there was sufficient evidence is solely a question for the factfinder, which in this case was the Court. "[T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Commonwealth v. Walker, 540 A.2d 90, 97 (Pa. 1995); citing Commonwealth v. Jackson, 485 A.2d 1102, 1104 (Pa. 1984). The weight given to the direct and circumstantial

7

evidence at trial is a choice for the fact finder. Commonwealth v. West, 937 A.2d 516, 521 (Pa. Super. 2007). A verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice. Commonwealth v. Cousar, 968 A.2d 1025 (Pa. 2007).

Here, the Notes of Testimony reflect the following evidence found by the Court: There was testimony from Officer Sean Clifton, of the Springfield Township Police, who witnessed Ms. Hooks riding as a passenger in the car in question, with a drug dealer named Nollington Northern. N.T. 11/26/13 at 5 and 7. Officer Clifton purchased crack cocaine, on several occasions from Mr. Northern in an undercover capacity. Id. at 7, and 9-10. Although Mr. Northern used two cars, Officer Clifton testified to making several buys from Mr. Northern, where Mr. Northern delivered the cocaine by driving the specific vehicle in question. Id. at 7. Ms. Hooks was also in the car when Mr. Northern was arrested. Id. at 9. On the day Mr. Northern was arrested, Ms. Hooks and Mr. Northern arrived in the vehicle in question, where Mr Northern had arranged to deliver more cocaine to Officer Clifton. Id.

In regards to Ms. Hooks' knowledge of the vehicle being used for drug dealing, she testified herself to having been arrested with Mr. Northern before (on a separate occasion), specifically for possession with intent to distribute illegal substances. Id. at 19. She continued to testify that she knew he was a convicted drug dealer while they were dating. Id. at 19 and 21. Ms. Hooks also admitted to allowing Mr. Northern to stay at her house, store things at her house, and he also had keys to her house. Id. at 21-22. She further testified to drugs being found at her house, although she refused to have knowledge of the drugs before they were found by police. Id. at 23-24. Ms. Hooks also allowed Mr. Northern to have a spare key to her car and use the car on a frequent basis. Id. at 24

8

Unlike typical criminal cases, the burden in a forfeiture hearing is only a preponderance of the evidence. The Commonwealth did not have to prove a nexus existed beyond a reasonable doubt, or that Ms. Hooks knew about Mr. Northern using her car to deliver drugs beyond a reasonable doubt. By a preponderance of the evidence listed above, the Court may reasonably ascertain the Commonwealth met its burden. Ms. Hooks was seen in the vehicle several times by a police officer who was meeting with Mr. Northern. These meetings were specifically for the purpose of drug dealing. The car was used to deliver drugs in these meetings. Ms. Hooks knew Mr. Northern was previously convicted for drug dealing. She gave him a spare key to her car. No evidence was given about Ms. Hooks taking cautionary measures to ensure Mr. Northern had not resorted back to drug dealing. Mr. Northern spent a significant amount of time at Ms. Hooks' residence. He had his own key to the house, he slept there, was storing things there, and drugs were found at the residence by police. There is more than enough evidence to find a sufficiency of the evidence in favor of the Commonwealth.

## CONCLUSION

For the foregoing reasons, this Court finds that Ms. Hooks' appeal is without basis and merit. This Court respectfully recommends that its Order granting forfeiture be affirmed.

_George A. Pagano_

GEORGE A. PAGANO, J.



9