618 A.2d 1074

**COMMONWEALTH of Pennsylvania**

**v.**

**$2,523.48 U.S. CURRENCY; Real Property and Improvements and Contents of 365 North 12th Street, City of Lebanon, Lebanon County, Pennsylvania, and Liquor License R12337.**

**Appeal of Thomas G. KARLI, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided Nov. 30, 1992.

Robert Sullivan, Jr., for appellant.

Daniel G. Ehrgood, Dist. Atty., for appellee.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

KELLEY, Judge.

Thomas G. Karli appeals from an order of the Court of Common Pleas of Lebanon County (trial court) which granted the Commonwealth's petition for forfeiture of various assets, including U.S. currency, real property and improvements, and a liquor license pursuant to 42 Pa.C.S. §§ 6801–6802, commonly known as the Controlled Substance Forfeiture Act (Forfeiture Act). The sole issue before us is whether the trial judge erred in concluding that Karli had not met his burden in showing the so-called "innocent owner" defense so as to preclude forfeiture.

Karli is the owner of the T & T Tavern (the tavern) located in the City of Lebanon. The tavern was the site of several

drug investigations by police. On August 11, 1989 and on August 26, 1989, investigations dubbed "Operation Fishnet" I and II were conducted, resulting in 37 arrests for drug violations, all of which occurred on the sidewalk outside of the tavern. Between July 18 and July 20, 1990, police conducted "Operation Flashback," which resulted in additional arrests and the seizure of the tavern premises. During the seizure, drug paraphernalia was found inside the tavern and a substantial quantity of cocaine was found inside the upholstery of a bar stool. On August 7, 1990, the Commonwealth filed the instant forfeiture petition with the trial court pursuant to 42 Pa.C.S. § 6802. No criminal proceedings have been initiated against Karli.

At hearings before the trial court, the Commonwealth presented testimony of some fourteen witnesses, including police officers, undercover officers and informants. Karli testified on his own behalf, and also presented the testimony of eight additional witnesses. The trial court concluded that the Commonwealth had met its burden of proving by a preponderance of the evidence the nexus between the crimes and the property subject to forfeiture. Further, the trial court found that Karli had failed to prove the existence of the "innocent owner" defense and granted the forfeiture petition. Karli now argues that the trial court misconstrued the burden of establishing an "innocent owner" defense.[1]

We have recently reviewed the relevant provisions of the Forfeiture Act as they apply to the "innocent owner" defense. *Commonwealth v. 502–504 Gordon Street*, 147 Pa.Commonwealth Ct. 330, 607 A.2d 839 (1992). As a threshold matter, the Commonwealth in a forfeiture proceeding must prove by a preponderance of the evidence that the property was used to facilitate a violation of the Controlled Substance, Drug, Device and Cosmetic Act.[2] The trial court's holding that the Com-

---

1. Karli initially filed his appeal with the Superior Court, which transferred the case to this court on January 8, 1992. 607 A.2d 1127.

2. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101 – 780–144.

monwealth had met its burden is not now challenged, and we need not therefore consider the matter here.

Once the Commonwealth meets its burden, the burden of proof shifts to the property owner to establish the innocent owner defense in order to avoid forfeiture pursuant to 42 Pa.C.S. § 6802(j). Where, as here, the forfeiture is based on the unlawful use or possession of the property by one other than the property owner, section 6802(j)(3) requires the property owner to show:

> that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

■ Karli first contends that the trial court erred in requiring him to show lack of knowledge *and* consent, where the statute clearly requires a showing of either lack of knowledge *or* lack of consent. We considered this precise question in *502–504 Gordon Street,* and concluded that the defense may be proven by a showing of either element. It is clear that the trial court erred in requiring a showing of both elements. However, such error does not require a reversal, because we are able to conclude from the trial court's findings that Karli did not meet his burden of establishing *either* a lack of knowledge or a lack of consent.

The Commonwealth presented extensive testimony at trial. Lebanon City Police Officer George Pappas testified that he made an undercover drug purchase at the tavern within Karli's view on February 3, 1987. Pennsylvania State Trooper Roberto Soto testified that he purchased cocaine at the tavern on July 19, 1990. Gary Wheeldon testified that during a visit to the tavern in August, 1989, he asked Karli where he could buy cocaine. According to Wheeldon, Karli indicated a person who was standing outside the tavern, from whom Wheeldon was able to purchase some of the drug. Tracy Kleinfelter testified that she purchased cocaine in the tavern on October 22, 1988, and had witnessed numerous other drug deals inside the tavern in the presence of Karli.

Karli denied all knowledge of illegal drug activity within the tavern, and specifically disavowed consenting to such activity.

Although the trial judge did not make specific credibility determinations, it is clear that the trial judge believed the testimony of the Commonwealth's witnesses over that of Karli.[3]

■ Karli also argues that the trial court improperly required him to show that he "did everything a reasonable man would have done to rid [the] property of those types who were dealing in controlled substances both inside and outside the tavern." R. at 643a. We note initially that the statute does not require on its face that a landowner take *any* affirmative steps to stop the illegal use of his premises. Nonetheless, the acts or omissions of the landowner may be relevant to show lack of consent.

Several federal cases cited by Karli have concluded that in order for a landowner to prove that he did not consent to the illegal activity, he must show that he "at least did something affirmative to stop the proscribed use of his property." *United States v. All Right, Title and Interest in Property*, 744 F.Supp. 510 (S.D.N.Y.1990). This question, however, has already been settled by this court in *502–504 Gordon Street*, which adopted the requirement that an owner must "prove that he or she did all that could reasonably be expected to prevent the illegal use of the property once the owner becomes aware of that use." *Id.* at 342, 607 A.2d at 845.[4]

■ Applying these standards to the present case, it is clear that despite his protestations, Karli could not seriously argue lack of knowledge. The numerous arrests over a number of years alone would be more than sufficient to put Karli on notice of illegal drug activity in and near the tavern. As to lack of consent, we need only compare the evidence in this case to that in *502–504 Gordon Street*, where this court found

---

3. In his opinion, the trial judge stated that "the evidence of frequent drug use, sales and arrests in and around his bar for over three years is simply too great to be overcome by his alleged ignorance and opposition regarding such activity. On the issue of credibility Claimant's side comes up woefully short." Trial court opinion at 10–11.

4. The court in *502–504 Gordon Street* expressly adopted this standard from dictum in *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

that the landowner had prevailed on an innocent owner defense.

The property at issue in *502–504 Gordon Street* was also a tavern located in a drug-infested area. The trial court ordered the premises forfeit because landowner did not establish lack of knowledge *and* consent. Although we found that landowner in fact *knew* of illegal activities occurring on the premises, we concluded that the landowner had shown lack of consent by proof that he had done everything reasonably expected under the circumstances to prevent such activity. As we stated in *502–504 Gordon Street:*

> Testimony disclosed that Mr. Lonardo made it known to his patrons that he would notify the police if he saw or suspected the possession of drugs at the establishment. On his own initiative, Mr. Lonardo reported illegal activities to the police at least seven times, and police officers admitted at hearing that at least two raids were initiated by Mr. Lonardo's reports. At times Mr. Lonardo called the police anonymously in fear of his life, instructed his employees to call the police whenever they saw patrons with drugs, and ordered patrons to leave the bar when they were observed with drugs. Also, he identified a suspect and cooperated with police searches at the raids, discussed drug and loitering problems with the police captain and followed his instruction by posting signs on all the windows. Mr. Lonardo received threats against himself and family and was injured when glass was thrown at him because he refused to acquiesce in drug activities at the cafe. He also sustained damages to the property due to his policy toward patrons dealing or possessing drugs. This undisputed evidence amply supports a conclusion that Appellants did all that could reasonably be expected of them to prevent the illegal use of their property once they became aware of drug activities occurring within the cafe. That Mr. Lonardo was unsuccessful in eliminating the activity should not be held against Appellants in this forfeiture action.

*Id.* at 343, 607 A.2d at 846.

In contrast, even accepting as true all of Karli's evidence, the most that can be found is that he made one phone call to

police to complain about individuals "hanging around" outside the tavern and had a rule posted in the bar prohibiting more than one person at a time from using the restrooms. Given the number of drug arrests both inside and outside the premises, these steps can hardly be considered all that can reasonably be expected of a property owner. Additionally, the testimony of the undercover police officers, on which the trial court relied, established that Karli at least tacitly consented to drug deals in the tavern if not affirmatively aiding in such activity.

Accordingly, we conclude that the Commonwealth properly met its burden of proving a nexus between the property and the illegal activity, and that the trial court did not err in finding that Karli failed to meet his burden of establishing the "innocent owner" defense. The order of the trial court is therefore affirmed.

## ORDER

NOW, this 30th day of November, 1992, the order of the Court of Common Pleas of Lebanon County, dated November 20, 1990, at No. 90–01145, is affirmed.