649 A.2d 658

COMMONWEALTH of Pennsylvania, Appellee,

v.

$2,523.48 U.S. CURRENCY; Real Property and Improvements and Contents of 365 North 12th Street, City of Lebanon, Lebanon County, Pennsylvania and Liquor License R12337.

Appeal of Thomas G. KARLI.

Supreme Court of Pennsylvania.

Argued April 7, 1994.

Decided Nov. 7, 1994.

552

Robert Sullivan, Jr., Lebanon, for T.G. Karli.

Daniel G. Ehrgood, Lebanon, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

NIX, Chief Justice.

Appellant, Thomas G. Karli, appeals from the Order of the Commonwealth Court which affirmed the Order of the Court of Common Pleas granting the Commonwealth's petition for forfeiture pursuant to 42 Pa.C.S. §§ 6801–6802 ("Forfeiture Act").

Appellant owned and operated a bar known as T & T Tavern in the city of Lebanon. The tavern was the site of several police drug investigations which resulted in numerous arrests. Subsequently, the district attorney obtained a court order authorizing seizure of the tavern, its contents and the liquor license located there. Criminal proceedings have not been initiated against Appellant.

The trial court ruled that the Commonwealth proved a nexus between the property and the criminal activity, thus shifting the burden to prove the innocent owner defense to Appellant. *Commonwealth v. $2,523.48 U.S. Currency*, No. 90–01145, slip op. at 8–9 (C.P. Lebanon County Feb. 14, 1991). The court held that Appellant failed to prove lack of knowledge and consent and granted the forfeiture. *Id.* at 10–11.

The Commonwealth Court held that the trial court had erred by requiring that Appellant prove lack of knowledge *and* consent and that proof of either lack of knowledge or lack of consent is sufficient to establish an innocent owner defense. *Commonwealth v. $2,523.48 U.S. Currency*, 151 Pa.Commw. 630, 633, 618 A.2d 1074, 1076 (1992). Notwithstanding the trial court's error, it affirmed the trial court's Order based on a finding that Appellant had failed to prove either lack of knowledge or lack of consent. *Id.* at 634–36, 618 A.2d at 1076–77. Although the record indicated that Appellant had taken some action to discourage the criminal activity taking place on his property, the Commonwealth Court held that Appellant had to prove that he did all that could reasonably be expected to prevent the criminal activity once he became aware of it. *Id.* (citing *Commonwealth v. 502–504 Gordon Street*, 147 Pa.Commw. 330, 607 A.2d 839 (1992), *aff'd per curiam*, 535 Pa. 515, 636 A.2d 626 (1994)). The Commonwealth Court also held that Appellant "at least tacitly consented to drug deals in the tavern if not affirmatively aiding in such activity." *Id.* 151 Pa.Commw. at 636, 618 A.2d at 1077.

This Court granted allocatur to determine, first, how far a property owner must go in discouraging a third party's illegal use of the owner's property in order to prove lack of consent, thus establishing an innocent owner defense under 42 Pa.C.S. § 6802(j)(3). The second issue is whether the Commonwealth Court erred by refusing to remand this matter for a new evidentiary hearing after determining that the trial court had applied the wrong standard for review in a forfeiture proceeding.

 In seeking forfeiture of property pursuant to the Forfeiture Act, the initial burden lies with the Commonwealth to "show a sufficient or substantial nexus between the property and the prohibited activity. . . ." *Commonwealth v. 502–504 Gordon Street*, 147 Pa.Commw. 330, 336, 607 A.2d 839, 842 (1992), *aff'd per curiam*, 535 Pa. 515, 636 A.2d 626 (1994). Once this is shown, it is the property owner's burden to establish the innocent owner defense. *Id.* 147 Pa.Commw. at 337, 607 A.2d at 843. Pursuant to 42 Pa.C.S. § 6802(j)(3), the owner of lawfully acquired property can avoid forfeiture of that property by proving

> [t]hat [the property] was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. *Such absence of knowledge or consent must be reasonable under the circumstances presented.*

42 Pa.C.S. § 6802(j)(3) (emphasis added).

Appellant argues that the standard in determining lack of consent should be a subjective one, and that, under the particular circumstances, the property owner's efforts to discourage the drug activity were reasonable and all that one could reasonably expect of him or her.

The Commonwealth argues that a property owner proves lack of consent when he or she has done all that reasonably could be expected to prevent the illegal use of the property. The Commonwealth also argues that regardless of which standard is used to determine lack of consent, Appellant failed to prove that he had not consented to the drug activity which took place on his property.

In *Commonwealth v. 502–504 Gordon Street*, 147 Pa. Commw. 330, 607 A.2d 839 (1992), *aff'd per curiam*, 535 Pa. 515, 636 A.2d 626 (1994), the Commonwealth Court made it clear that the innocent owner defense can be established even if the property owner has knowledge of the illegal activity, provided he proves by a preponderance of the evidence that he

did not consent to that activity. *Id.* 147 Pa.Commw. at 341, 607 A.2d at 845.

In the instant case, after finding that the Commonwealth had established a nexus between the illegal activity and Appellant's property, the trial court held that Appellant failed to establish an innocent owner defense and that the evidence was so substantial that he could not have lacked knowledge of the drug activity taking place on and around his property. *Commonwealth v. $2,523.48 U.S. Currency,* No. 90–01145, slip op. at 9–11 (C.P. Lebanon County Feb. 14, 1991). The trial court found that police officers made undercover drug purchases within Appellant's view; several witnesses testified that they made and saw drug transactions in Appellant's presence; police raids resulted in numerous drug arrests both inside and outside of the tavern; Appellant was seen going in and out of the tavern while drug transactions were taking place, but he did not interfere with the parties involved. *Id.* at 2–6. Our review of the record supports the trial court's finding that Appellant had knowledge of this activity.

Having disposed of the issue of knowledge, we must now determine what a property owner must do to establish that he did not consent to the illegal use of his property after being unable to establish lack of knowledge. It is clear from the language of the statute that lack of consent will shield a property owner from forfeiting his property, provided his lack of consent was "reasonable under the circumstances." 42 Pa.C.S. § 6802(j)(3). It is also true, as the Commonwealth Court stated, that "the statute does not require on its face that a landowner take *any* affirmative steps to stop the illegal use of his premises. Nonetheless, the acts or omissions of the landowner may be relevant to show lack of consent." *Commonwealth v. $2,523.48 U.S. Currency,* 151 Pa.Commw. at 634, 618 A.2d at 1076. We see no reason to require that a property owner's actions, or lack of action, to discourage illegal activity on his property be more than what are reasonable under the circumstances. Our holding is supported by the fact that the authorization of forfeiture by statute is to be strictly con-

strued. *Commonwealth v. 502–504 Gordon Street,* 147 Pa. Commw. at 335–36, 607 A.2d at 842. The innocent owner defense is a means of protecting a property owner from the harsh result of forfeiture because of illegal drug use to which the owner did not consent. *Id.* at 341, 607 A.2d at 845.

In *Gordon Street,* the Commonwealth Court held that "an owner must prove that he or she did all that could reasonably be expected to prevent the illegal use of the property once the owner becomes aware of that use." *Id.* at 342, 607 A.2d at 845. The property owners in *Gordon Street* clearly went to great lengths to discourage the illegal use of their property, such that there was no doubt that they had not consented to that use. *Id.* at 343, 607 A.2d at 846. The property owners of the bar made patrons aware that they would notify the police if there was any drug activity in the bar; reported illegal activities to the police; initiated police raids; instructed employees to call the police if there was any drug activity in the bar; ordered people to leave the bar if they were using drugs; posted signs on the windows; cooperated in police searches and raids; and discussed the drug and loitering problems with the police. *Id.* The owners also received threats and suffered property damage. *Id.* However, the actions taken by the property owners in *Gordon Street* do not set a threshold required to establish an innocent owner defense. As the Commonwealth Court made clear, property owners are not required to perform heroic, vigilante or police actions in order to stop drug activity on their property. *Id.* at 342, 607 A.2d at 845.

■ Thus, we hold that for a property owner to establish that he did not consent to illegal activity taking place on his property, the actions he took to discourage that activity must have been reasonable in light of the surrounding circumstances. This is consistent with the holding in *Gordon Street* and with the language of 42 Pa.C.S. § 6802(j).

■ The next issue we must address is whether the Commonwealth Court erred in refusing to remand this matter to the trial court for a new evidentiary hearing. In this case,

the trial court erroneously held that Appellant was required to prove lack of knowledge *and* consent. It is clear that the trial court found that the evidence established knowledge on the part of Appellant. Nevertheless, evidence which establishes knowledge of illegal drug activity does not automatically establish consent to that activity. According to the trial court, the evidence showed that Appellant was not entitled to an innocent owner defense. *Commonwealth v. $2,523.48 U.S. Currency*, No. 90–01145, slip op. at 10. However, there is no indication that the evidence, if examined under the proper standard, would not have been sufficient to establish that his lack of consent was reasonable under the circumstances. It is impossible for this Court to ascertain from the trial court's opinion where, if at all, its analysis went from considering the reasonableness of Appellant's lack of knowledge to considering the reasonableness of Appellant's lack of consent.

The Commonwealth Court disposed of the issue of consent by comparing the actions of Appellant with the actions of the property owners in *Gordon Street*. The property owners in *Gordon Street* went well beyond what was necessary for them to protect their property; they were subjected to threats and physical violence because of their cooperation with the police. We refuse to require that a property owner become an adjunct to the law enforcement community or that he endanger his life or the lives of others in preventing the illegal activity of third parties. His actions to prevent illegal drug activity once he becomes aware of it must only be reasonable considering the circumstances.

According to the Commonwealth Court, Appellant failed to prove both lack of knowledge and lack of consent. *Commonwealth v. $2,523.48 U.S. Currency*, 151 Pa.Commw. at 633, 618 A.2d at 1076. Regarding consent, the Commonwealth Court stated that "we need only compare the evidence in this case to that in *502–504 Gordon Street*, where this court found that the landowner had prevailed on an innocent owner defense." *Id.* 147 Pa.Commw. at 634–35, 618 A.2d at 1076. This was error by the Commonwealth Court. The standard for determining lack of consent is not whether the property owner did as much

as another property owner did to prevent illegal activity. As we stated earlier, the standard is one of reasonableness; what is reasonable for one property owner may not be reasonable for another. All of the circumstances surrounding the property owner's actions, or lack of action, must be considered in determining if they were reasonable.

The actions of the instant Appellant to discourage the drug activity taking place on his property must be examined to determine if they were reasonable in light of the surrounding circumstances. Because we can not determine whether the trial judge made a factual determination as to consent, we must remand the matter to the Court of Common Pleas.

Accordingly, the Order of the Commonwealth Court is reversed and the matter is remanded to the Court of Common Pleas for proceedings consistent with this opinion.

MONTEMURO, J., is sitting by designation.