**COMMONWEALTH of Pennsylvania**

v.

**5900 MARKET STREET.**

**Carlene Matthews, Appellant.**

**Commonwealth of Pennsylvania**

v.

**Funds in PSFS No. 05917945.**

**Carlene Matthews, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 11, 1999.
Decided April 14, 1999.

Wayne Sachs, Philadelphia, for appellant.

William Spade, Jr., Philadelphia, for appellee.

Before COLINS, President Judge, SMITH, J., and McCLOSKEY, Senior Judge.

COLINS, President Judge.

Carlene Matthews (Matthews) appeals from an order of the Court of Common Pleas of Philadelphia County (Trial Court) that granted a motion for forfeiture of real estate and monetary funds filed by the Commonwealth of Pennsylvania (Commonwealth). Matthews owns property situate at 5900 Market Street, Philadelphia, Pennsylvania, on the first floor of which, Matthews owns and operates a restaurant known as the Early Bird Restaurant. On the second floor of the property is an apartment occupied by Matthews' brother, Irving Wyndham (who worked as a cook in the Early Bird Restaurant), Matthews' mother, Eugenia Orr, and Wyndham's girl friend.

The Trial Court's findings of fact state that Early Bird Enterprises, Inc., was the corporate owner of the restaurant as well as two smaller stores, and that Matthews was the principal owner and operator of the corporation, although it was incorporated in her name and that of her father. In November of 1989, Matthews opened, and thereafter had sole control over, the corporate checking account, PSFS Account No. 05917945, into which she made check and cash deposits.

According to the findings of fact, on over twenty occasions from 1989 until 1992, police officers staked out 5900 Market Street as a part of authorized surveillance for drug activities, specifically marijuana sales conducted both inside and outside the restaurant, on an outside fire escape leading to the second floor apartment, and inside said apartment. On several such occasions, the police seized marijuana, drug paraphernalia, a firearm, and cash from

the second floor apartment and occasionally from inside the restaurant.

By written notice dated November 14, 1991, the district attorney's office informed Matthews that drugs were being sold from 5900 Market Street, specifically by Matthews' brother, and advised Matthews that the property would be seized and sealed if the activity did not stop. Additionally, Police Officer Martin Deitz testified that he advised Matthews about the foregoing drug activities including seizure of marijuana from the property, and that Matthews acknowledged to him that "she knew about it." Moreover, according to the record, on December 19, 1991, when two police officers attempted to search the second floor of the property after another undercover police officer had made a marijuana purchase, Matthews blocked their way, jumped on one officer, and physically butted him in the face with her head.

Although Matthews ostensibly contacted an attorney, Bernard Turner, Esq., to prepare papers for the eviction of her brother, and also allegedly nailed shut the restaurant's back door as this was a primary area of drug activity, the record indicates that drug sales at 5900 Market Street continued through March of 1992. Finally, on April 13, 1992, the Commonwealth obtained a temporary restraining order with regard to 5900 Market Street, and on April 15, 1992, obtained a similar order with regard to Matthews' PSFS account, pursuant to the law known as the Controlled Substances Forfeitures Law (Forfeiture Law), 42 Pa.C.S. §§ 6801–6802. The real property was sealed by the Commonwealth on April 14, 1992, and thereafter, the Commonwealth filed forfeiture petitions with respect to both Matthews' real property and her PSFS account.

In 1994 and 1995, several evidentiary hearings were conducted, concluding with oral argument in 1996. In the course of these hearings, Matthews contacted an accountant to serve as an expert rebuttal witness with regard to testimony given by Commonwealth witness, accountant Daniel Rooney, and contacted Bernard Turner, Esq., to represent her regarding both the assault incident and the Commonwealth's forfeiture proceedings.

The Trial Court relied upon the police officers' testimony and the testimony of Daniel Rooney,[1] an accountant for the district attorney who examined Matthews' financial and business documents which were available, and who concluded that the Early Bird Restaurant was actually a money laundering facility for illegal drug activity. The Trial Court found that the Commonwealth had established all material elements of its forfeiture case by the requisite preponderance of evidence, and that Matthews not only had actual knowledge of the illegal drug activities conducted by her brother and other individuals, but that she also profited from said activities. Matthews' eviction action against Wyndham in her attempt to establish the innocent owner defense was also rejected by the Trial Court as a mere "after-the-fact" ploy. Therefore the Trial Court found that both the real property at 5900 Market Street and the PSFS funds were properly forfeited. This appeal followed.[2]

■ Matthews argues that the Trial Court erred in accepting the testimony of Daniel Rooney as credible, considering

---

1. Daniel Rooney testified for the district attorney in the present case in June and October of 1994 and in January of 1995. In July of 1996, Rooney pleaded guilty in Federal Court to having embezzled money that had been seized from drug forfeitures. The Trial Court notes in its opinion that as a result of Mr. Rooney's subsequent *crimen falsi* conviction, those source documents that were the subject of his testimony were re-examined. The Trial Court still found Rooney's testimony credible.

2. Our scope of review in forfeiture proceedings is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court abused it discretion or committed an error of law. *Strand v. Chester Police Department,* 687 A.2d 872 (Pa.Cmwlth.1997).

that Rooney later pleaded guilty in Federal Court to embezzlement charges, albeit approximately one and one-half years after Matthews' case. Matthews also contends the Trial Court erred in excluding her rebuttal witness who would have discredited Mr. Rooney's testimony, even though this required reopening the forfeiture proceeding. Matthews finally argues that the Trial Court erred in its application of the innocent owner defense and maintains that although she may have known about the illegal drug activity at 5900 Market Street, she took immediate action to prevent its continuance.

■ Upon review, we find that the record supports the Trial Court's determination that the Commonwealth established a sufficient nexus between the property forfeited and the criminal activity at issue, that Matthews failed to meet the burden of proving she was an innocent owner under 42 Pa.C.S. § 6802(j)(3),[3] and that, therefore, the Commonwealth's forfeiture orders were appropriate. In reaching this conclusion, we are aware that the authorization of forfeiture by statute is to be strictly construed. *Commonwealth v. $2,523.48 U.S. Currency*, 538 Pa. 551, 649 A.2d 658 (1994). In *Commonwealth v. Wingait Farms*, 659 A.2d 584, 590 (Pa. Cmwlth.1995), *affirmed*, 547 Pa. 332, 690 A.2d 222 (1997), this Court reaffirmed that in forfeiture actions, "the Commonwealth bears the initial burden of proving by a preponderance of the evidence that there is a nexus between the unlawful activity and the property sought to be forfeited." Once this burden is met, it is the property owner's burden to establish the innocent owner defense. Pursuant to 42 Pa.C.S. § 6802(j)(3), the owner of lawfully acquired property can avoid forfeiture of that property by proving that the property was not unlawfully used or possessed by him. In the event it appears that the property was unlawfully used or possessed by a person other than the claimant, then the claimant must establish that said unlawful use or possession was without claimant's knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

■ In the present case, the Commonwealth established a sufficient nexus between the ongoing drug activity and Matthews' real property considering the continuing drug sales effectuated inside and outside the property at the direction of Matthews' brother, as documented by police surveillance, by undercover police drug buys, and by drugs and drug paraphernalia confiscated by the police from the premises. We further concur with the Trial Court's conclusion that Matthews failed to establish that she was an innocent owner. Specifically, she unequivocally admitted to Police Officer Deitz that she knew about the foregoing drug sales. This, along with Matthews' physical attempt to obstruct the police from searching the second floor of her property, where her brother lived, and police testimony that the restaurant rarely had sufficient customers to constitute an ongoing restaurant business, vitiates Matthews' attempt to portray herself as an innocent owner who did not consent to the drug activity on her property. In *Commonwealth v.*

**3.** 42 Pa.C.S. § 6802(j)(3) provides, in pertinent part:

(j) **Owner's burden of proof.** —At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a), the burden shall be upon the claimant to show:

. . . .

(3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

*$2,523.48 U.S. Currency,* 538 Pa. at 558–59, 649 A.2d at 661–62, our Supreme Court stated that "[t]he standard for determining lack of consent is ... one of reasonableness; .... All of the circumstances surrounding the property owner's actions, or lack of action, must be considered in determining if they were reasonable." Matthews' half-hearted attempts to evict her brother (the legal action was never pursued to completion), and her assault upon the police officer trying to search the second floor of the property, can scarcely be deemed reasonable under the circumstances.

■ Finally, because Commonwealth expert witness Rooney's guilty plea in Federal Court took place one and one-half years *after* Matthews' case, from a relevancy standpoint, his testimony regarding Matthews' case is not rendered per se invalid. Therefore, the Trial Court did not err, after reexamining Rooney's testimony, in accepting the latter's assessment that the Early Bird Restaurant was a money laundering operation and that Matthews' PSFS corporate checking account was really a depository for illegal drug activity profits.

Accordingly, we affirm the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter.

### ORDER

**AND NOW,** this 14th day of April, 1999, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.